**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**IceBoxx, LLC**<br><br>Debtor. | Chapter 11<br>Bankruptcy No. 15-11132<br>Honorable Jacqueline P. Cox<br><br>Hearing Date: Dec.15, 2015<br>Hearing Time: 9:30 a.m. |

### NOTICE OF APPLICATION

    **Please take notice** that on **Dec. 15, 2015, at 9:30 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **First and Final Application for Compensation of David Edelberg and Nowell Amoroso Klein Bierman PA as special counsel for the Debtor**, a copy of which is attached hereto and herewith served upon you.

Dated: November 24, 2015          IceBoxx LLC

                                           By: /s/ David Paul Holtkamp
                                         One of Its Proposed Attorneys

William J. Factor (6205675)
David P. Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com
            dholtkamp@wfactorlaw.com

## CERTIFICATE OF SERVICE

  I, David P. Holtkamp, an attorney, hereby certify that on November 24, 2015, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Application* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and caused a copy of the Notice of Application to be served on all Non-Registrants.

                  /s/ David Paul Holtkamp

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

William J Factor on behalf of Debtor PMI Systems, Inc.
wfactor@wfactorlaw.com,
wfactorlaw@gmail.com;gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;wfactor@ecf.inforuptcy.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

# SERVICE LIST

Creditors
Via US Mail

**Ally Financial**
PO Box 9001951
Louisville, KY 40290

**Bank of America**
Special Assets Group
135 S. LaSalle St., Suite 1025
Chicago, IL 60603

**Future Sanitation**
80 Liberty Street
Passaic, NJ 07055

**Genesis Ice Capital Partners, LLC**
200 S. Wacker Dr.
Suite 625
Chicago, IL 60606

**Handler Thayer LLP**
191 N. Wacker Dr.
23rd Floor
Chicago, IL 60606

**Tesser & Cohen**
c/o Frank Kirk
946 Main Street
Hackensack, NJ 07601

**IBX Investors 1 LLC**
c/o Jack Zakim
190 Moore St.
Hackensack, NJ 07601

**IBX Investors 2 LLC**
c/o Marty Goldstein
777 Chestnut Ridge Road
Chestnut Ridge, NY 10977

**McCarter & English, LLP**
100 Mulberry St.
Four Gateway Center
Newark, NJ 07102

**Optimum**
1111 Stewart Ave
Bethpage, NY 11714

**Precision Multiple Controls**
33 Greenwood Ave.
Midland Park, NJ 07432

**Public Service Enterprise Group Inc**
PO Box 14444
New Brunswick, NJ 08906

**Specialized Logistics**
724 Anthony Trial
Northbrook, IL 60062

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **IceBoxx, LLC** | Bankruptcy No. 15-11132 |
| Debtor. | Honorable Jacqueline P. Cox |

### FIRST AND FINAL APPLICATION FOR COMPENSATION OF DAVID EDELBERG AND NOWELL AMOROSO KLEIN BIERMAN, P.A. AS SPECIAL COUNSEL FOR THE DEBTOR

1. By this Application, David Edelberg and Nowell Amoroso Klein Bierman PA. ("the *Firm*") seeks an order of this Court: (a) allowing and awarding the Firm on an final basis fees in the amount of $15,037.50 for professional services rendered by the Firm as special counsel for Iceboxx, LLC (the "*Debtor*"), and reimbursement of actual and necessary expenses in the amount of $365.61 incurred on behalf of the Debtor, during the period of March 27, 2015 through November 2, 2015 (the "*Application Period*").

2. The Firm makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330(a), 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

### JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

{00047410}   4

4. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

5. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330, 331 and 503.

## I. Case background.

6. The Debtor filed for relief under chapter 11 of title 11 (11 U.S.C. §§ 101 *et seq.*, the "*Bankruptcy Code*") on March 27, 2015.

7. Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as debtor-in-possession. No trustee, examiner, or committee has been appointed in the case.

8. The Debtor, a New Jersey corporation with principal place of business and principal assets located in Chicago, Illinois, is in the business of owning and operating one-stop-shop ice machines that make, bag and store ice all in one machine. The Debtor's machines are located in a number of point of purchase locations throughout New York and New Jersey. The Debtor also has a significant number of machines in storage in Chicago, Illinois.

9. In the middle of 2013, Genesis Ice Capital Partners, LLC ("*Genesis*"), bought a majority voting membership interest in the Debtor. Genesis purchased this interest based upon information regarding the financial status of the Debtor provided by Kevin Schmidt, which turned out to be materially misleading and in many cases just plain false. The Debtor has been losing money ever since.

10. Genesis is also the Debtor's only blanket secured creditor, with a claim of over $1.5 million secured by all the Debtor's assets. Genesis is unable to continue to prop up the Debtor. This bankruptcy was filed to, among other things, salvage the assets that the Debtor has, and likely through a sale pursuant to § 363 of the Bankruptcy Code, recoup some value for the creditors. A motion was filed proposing an auction, and an order was entered approving the sale procedures. An auction has been scheduled for December 1, 2015 and sale hearing on the next day, December 2, 2015.

11. Prior to the petition date, the Firm was employed by the Debtor to litigate a case before the New Jersey Department of Labor and Workforce Development entitled *Cheri Schmidt v. Iceboxx, LLC* Case No. WC-1248-0814-KIR, and a case pending before the Superior Court of New Jersey, Chancery Division, in Bergen County entitled *Iceboxx, LLC, Kevin Schmidt*, Case No. Ber-C-201-14 (the "**NJ Case**").

12. The Firm also represents Genesis Ice Capital Partners, LLC, and Michael Williams in the NJ Case with regard to counterclaims and third-party claims filed by Schmidt because their interests are aligned in defending the claims against them.

13. For post-petition work, the Firm has been paid by Genesis Ice Capital Partners $7,000 in the month of April and an additional $7,000 in the month of May. No funds have been paid by the Debtor.

14. These prior engagements were disclosed in the Application to Employ David Edelberg and Nowell Amoroso Klein Bierman PA as Special Counsel and the Declaration of David Edelberg which was attached. (Dkt. 20.)

15. The Application to Employ David Edelberg, and Nowell Amoroso Klein Bierman PA as Special Counsel was granted on June 30, 2015, retroactive to March 27, 2015. (Dkt. 22.)

16. The Firm seeks an order allowing fees only. The Firm does not seek an order for payment of fees.

## II. Summary of Services Rendered by the Firm.

17. This Application is the first and final application for compensation and expense reimbursement that the Firm has filed in the Case. The fees for services (the "*Services*") provided by the Firm during the Application Period are broken by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| David Edelberg | Partner | $375 | 17.90 | $12,412.50 |
| Rick Steinberg | Associate | $375 | 7.0 | $2,625.00 |
| | | Totals: | 40.10 | $15,037.50 |

18. The Firm maintains contemporaneous written records of the time expended by its professionals.

19. Using its billing judgment, the Firm has charged half-time on some tasks.

20. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

21. The $15,037 sought by this application does not match the final total in the monthly invoices attached as time detail. They do not match because the invoices include charges that are not part of the application. For example, the invoices carry forward a balance of $13,972.63 due as of March 31, 2015, which is not sought by this application. Instead, the application matches the total of all the attorney time totaled on the line on each monthly invoice, "FOR CURRENT SERVICES RENDERED."

22. Post-petition, the Firm has only worked on a single category of work: transferring the NJ Case to this Court, by way of notice of removal to the Bankruptcy Court for the District of New Jersey and then a motion for change of venue to this Court. Accordingly, a breakdown by category is not provided.

III.  Expenses

The Firm incurred an expense of $365.61 for the filing fee in Bankruptcy Court for the District of New Jersey, and for delivery of a copy of the notice of removal to the state court in Hackensack, NJ.

| April 24, 2015 | Filing fee in the New Jersey Bankruptcy Court | $350.00 |
| May 5, 2015 | FedEx to Clerk of NJ Superior Court in Hackensack, NJ | $15.61 |

23. Exhibit A shows charges photocopies, scanning, and a filing fee for a motion not related to the removal of the NJ case to this Court. Those charges have been excluded from of this application.

## DISCUSSION

### IV. The Firm's fees are reasonable and should be allowed.

24. Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

25. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); accord *In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding

Case 15-11132    Doc 47    Filed 11/24/15    Entered 11/24/15 13:01:35    Desc Main
Document      Page 9 of 13

light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

26. The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

27. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 LAWRENCE P. KING, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

28. The average hourly billing rate for the attorneys who performed the Services – that is, the "lodestar" rate – is $375. This average rate is fair and reasonable in light of the Services provided and the experience of the Firm's professionals. Moreover, the compensation requested by the Firm is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

V. Expense Reimbursement Standards

29. With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

30. "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros., Inc.*, 191 B.R. at 749.

31. The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and the Firm respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate.

VI. Notice

32. No prior request for the relief requested by this Application has been made to this Court or any other court.

33. Rule 2002 provides that all creditors shall be provided with at least 21 days' notice of a request for compensation.

34. A notice advising of the hearing on this application (**Exhibit B**) has been transmitted to all creditors on November 24, 2015. A copy of the notice is appended hereto. Creditors that have filed an appearance in the case and that receive notice to the ECF system have been provided with a copy of this entire application.

WHEREFORE, the Firm respectfully requests that the Court enter an Order (a) allowing and awarding Nowell Amoroso Klein Bierman, P.A. on a final basis fees in the amount of $15,037.50 and reimbursement of expenses in the amount of $365.61 incurred during the Application Period.

Dated: November 24, 2015               **Iceboxx, LLC**

                                       By:  /s/ David Paul Holtkamp
                                       One of Its Attorneys

William J. Factor (6205675)
David P. Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-0977
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com

# Exhibit B

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| | Bankruptcy No. 15-11132 |
| **IceBoxx, LLC** | Honorable Jacqueline P. Cox |
| Debtor. | Hearing Date: Dec. 15, 2015 |
| | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION OF FIRST AND FINAL APPLICATION FOR COMPENSATION OF THE NOWELL AMOROSO KLIEN BIERMAN P.A. AS SPECIAL COUNSEL FOR THE DEBTOR AND HEARING THEREON

**To:** All Creditors and Parties in Interest:

**Please take notice that** on November 24, 2015, the undersigned filed the First and Final Application for Compensation of David Edelberg and Nowell Amoroso Klein Bierman, P.A. (collectively, the "*Firm*"), as special counsel for the Debtor (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division,

**Please take further notice that,** in the Application the Firm seeks a final award of compensation in the amount of $15,037.50, and reimbursement of expenses in the amount of $365.61, for services rendered and expenses incurred during the period of April 1, 2015 through and including November 20, 2015,

**Please take further notice that,** a hearing to consider the Application will be held before the Honorable Jacqueline Cox, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, on

**December 15, 2015 at 9:30 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

Dated: November 24, 2015                               **Iceboxx, LLC**


                                                       By: /s/ David Paul Holtkamp
                                                            One of Its Attorneys

William J. Factor (6205675)

David P. Holtkamp (6298815)
**THE LAW OFFICE OF
    WILLIAM J. FACTOR, LTD.**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-6146
Fax:     (847) 574-8233
Email:  wfactor@wfactorlaw.com

{00047410}                                    13