**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| In re:<br><br>**IceBoxx, LLC**<br><br>Debtor. | Chapter 11<br>Bankruptcy No. 15-11132<br>Honorable Jacqueline P. Cox<br><br>Hearing Date: April 21, 2016<br>Hearing Time: 9:30 a.m. |
|---|---|

## NOTICE OF APPLICATION

**Please take notice** that on **April 21, 2016, at 9:30 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **Second and Final Application for Compensation of William J. Factor and The Law Office of William J. Factor as Counsel for the Debtor**, a copy of which is attached hereto and herewith served upon you.

Dated: April 6, 2016                      IceBoxx LLC

                                                                                       By: /s/ David Paul Holtkamp
                                                                                       One of Its Proposed Attorneys

William J. Factor (6205675)
David P. Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:   (847) 574-8233
Email:  wfactor@wfactorlaw.com
            dholtkamp@wfactorlaw.com

{00057276}                      1

## CERTIFICATE OF SERVICE

      I, David P. Holtkamp, an attorney, hereby certify that on April 6, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the *Notice of Application* attached to the Application as Exhibit B to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and creditors by U.S. Mail as provided.

                                                              /s/ David Paul Holtkamp

## SERVICE LIST

**Registrants in the Case**
(Service via ECF)

- Paul M Bauch     pbauch@bauch-michaels.com, smohan@bauch-michaels.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com
- David Paul Holtkamp    dholtkamp@wfactorlaw.com, bharlow@wfactorlaw.com;dholtkamp@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- David P Leibowitz    dleibowitz@lakelaw.com, czuniga@lakelaw.com;jstorer@lakelaw.com;ECF@lakelaw.com
- Kenneth A. Michaels    kmichaels@bauch-michaels.com, smohan@bauch-michaels.com
- Carolina Y. Sales    csales@bauch-michaels.com, smohan@bauch-michaels.com

# SERVICE LIST

Creditors
Via US Mail

**Ally Financial**
PO Box 9001951
Louisville, KY 40290

**Bank of America**
Special Assets Group
135 S. LaSalle St., Suite 1025
Chicago, IL 60603

**Future Sanitation**
80 Liberty Street
Passaic, NJ 07055

**Genesis Ice Capital Partners, LLC**
200 S. Wacker Dr.
Suite 625
Chicago, IL 60606

**Handler Thayer LLP**
191 N. Wacker Dr.
23rd Floor
Chicago, IL 60606

**Tesser & Cohen**
c/o Frank Kirk
946 Main Street
Hackensack, NJ 07601

**IBX Investors 1 LLC**
c/o Jack Zakim
190 Moore St.
Hackensack, NJ 07601

**IBX Investors 2 LLC**
c/o Marty Goldstein
777 Chestnut Ridge Road
Chestnut Ridge, NY 10977

**McCarter & English, LLP**
100 Mulberry St.
Four Gateway Center
Newark, NJ 07102

**Optimum**
1111 Stewart Ave
Bethpage, NY 11714

**Precision Multiple Controls**
33 Greenwood Ave.
Midland Park, NJ 07432

**Public Service Enterprise Group Inc**
PO Box 14444
New Brunswick, NJ 08906

**Specialized Logistics**
724 Anthony Trial
Northbrook, IL 60062

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **IceBoxx, LLC** | Bankruptcy No. 15-11132 |
| Debtor. | Honorable Jacqueline P. Cox |

**SECOND AND FINAL APPLICATION FOR COMPENSATION OF WILLIAM J. FACTOR AND THE LAW OFFICE OF WILLIAM J. FACTOR LTD. AS COUNSEL FOR THE DEBTOR**

1. By this Application, The Law Office of William J. Factor, Ltd. ("*FactorLaw*") seek an order of this Court: (a) allowing and awarding FactorLaw on an interim basis fees in the amount of $41,830.00 for professional services rendered by FactorLaw as counsel for Iceboxx, LLC (the "*Debtor*"), and reimbursement of actual and necessary expenses in the amount of $532.32 incurred on behalf of the Debtor, during the period of November 3, 2015 through April 6, 2016 (the "*Application Period*").

2. FactorLaw makes this Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

{00057276}                                     4

4.Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

5.The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

### I.Case background.

6.The Debtor filed for relief under chapter 11 of title 11 (11 U.S.C. §§ 101 *et seq.*, the "*Bankruptcy Code*") on March 27, 2015.

7.Pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its financial affairs as debtor-in-possession. No trustee, examiner, or committee has been appointed in the case.

8.The Debtor, a New Jersey corporation with principal place of business and principal assets located in Chicago, Illinois, is in the business of owning and operating one-stop-shop ice machines that make, bag and store ice all in one machine. The Debtor's machines are located in a number of point of purchase locations throughout New York and New Jersey. The Debtor also has a significant number of machines in storage in Chicago, Illinois.

9.In the middle of 2013, Genesis Ice Capital Partners, LLC ("***Genesis***"), bought a majority voting membership interest in the Debtor. Genesis purchased this interest based upon information regarding the financial status of the Debtor provided by Kevin Schmidt, which turned out to be materially misleading and in many cases just plain false. The Debtor has been losing money ever since.

10.Genesis is also the Debtor's only blanket secured creditor, with a claim of over $1.5 million secured by all the Debtor's assets. Genesis is unable to continue to prop up the Debtor. This bankruptcy was filed to, among other things, salvage the assets that the Debtor has, and likely through a sale pursuant to § 363 of the Bankruptcy Code, recoup some value for the creditors. During this case the Debtor has held and had approved two sales under § 363 netting the Debtor $200,000. Those proceeds, plus a couple thousand more in prepetition funds are all the Debtor has left in the estate for distribution, but all of that is under Genesis' blanket lien.

11. Prior to the Petition Date, the Firm received a $25,000 retainer (the "*Retainer*") from the Debtor to cover fees related to the Case.

12. The Firm also represented the Debtor in preparing to file for bankruptcy including the preparation of schedules and statement of financial affairs and associated documents. The Firm applied $5,930 of the Retainer to satisfy all outstanding fees and $1717 in expenses that were accrued prior to the Petition Date to meet the disinterested and other standards pursuant to 11 U.S.C. § 327 and other applicable Code sections and Rules. The remainder of the Retainer--$17,353.00 remained for postpetition work.

13. On November 18, 2015, the Firm submitted its first interim fee application (the "**First Application**")[Dkt. No. 42] to the Court for approval for the period from the Petition Date to November 2, 2015. In the First Application the Firm sought approval of fees in the amount of $22,940 and reimbursement of expenses of $2,297.90 for a total of $25,237.90.

14. On or about November 24, 2015, the Firm received a second retainer of $20,000 from Genesis, the blanket secured creditor in this case.

15. This Court entered an order dated December 15, 2015, approving all fees and expenses in the First Application and authorizing the Firm to apply its fees to the retainer. Dkt. No. 55. After the application the approved fees under the First Application, the Firm held a retainer of $12,115.10 (17,353.00 + $20,000.00 - $25,237.90).

II. **Summary of Services Rendered by FactorLaw.**

16. This Application is the second and final application for compensation and expense reimbursement that FactorLaw has filed in the Case. The fees for services (the "*Services*") provided by FactorLaw during the Application Period are broken by professional as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350-375 | 10.3 | $3,795.00 |
| Sara E. Lorber | Partner | $325 | .1 | $32.50 |
| David Holtkamp | Associate | $250-275 | 134.5 | $35,345.00 |
| James Liu | Associate | $250 | 10.4 | $2,600.00 |
| | | **Totals:** | **155.60** | **$41,855.00** |

17.   The Firm maintains contemporaneous written records of the time expended by its professionals.

18.   Such records for the Case, copies of which are grouped and attached hereto as **Exhibit A**, set forth in detail: (a) the Services rendered by the Firm, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

### III.   Breakdown of Fees by Category of Services Rendered.

19.   For the Court's reference, FactorLaw has categorized the Services it provided to the Debtor into the following categories: (a) General Case Administration, (b) the Adversaries / Sanctions Motions / Settlements; (c) the 363 Sales; and (d) the Plan. An itemization of time spent on each category, sorted by professional, is attached hereto as **Exhibit B**.

#### A.   General Case Administration

20.   During the Application Period, FactorLaw expended 24.90 hours with a value of $6,442.50 on behalf of the Debtor on matters relating to general case administration, including prepare fee applications and applications to employ special counsel, preparing monthly operating reports, draft a claim objection, and amending the Debtor's schedules.

21. A breakdown of the professionals providing Services in this category is as follows.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350-$375 | .3 | $110.00 |
| David Holtkamp | Associate | $250-$275 | 20.7 | $5,357.50 |
| James Liu | Associate | $250 | 3.9 | $975.00 |
| | | Totals: | 24.90 | $6,442.50 |

B. Adversary / Sanctions / Settlements

22. During the Application Period, FactorLaw expended 84.30 hours with a value of $22,850.00 in connection with litigation against Kevin Schmidt and the IBX Parties, including the removal of a state-court lawsuits in New Jersey, the transfer of the removed case to this district, a motion to dismiss a third party complaint filed by Kevin Schmidt against other Iceboxx creditors, sanctions motion against these entities, and then finally settlement of the claims between the parties.

23. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350-$375 | 8.3 | $3,085.00 |
| David Holtkamp | Associate | $250-$275 | 71.20 | $18,557.50 |
| James Liu | Associate | $250 | 4.7 | $1,175.00 |

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325 | .1 | $32.50 |
| | | **Totals:** | **84.30** | **$22,850.00** |

C.  Section 363 Sales.

24.  During the Application Period, FactorLaw expended 23.80 hours with a value of $6,417.50, in connection with two $363 sales of substantially all the Debtor's assets. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| William J. Factor | Partner | $350-$375 | 1.7 | $600.00 |
| David Holtkamp | Associate | $250 | 22.10 | $5,817.50 |
| | | **Totals:** | **23.80** | **$6,417.50** |

D.  Plan and Disclosure Statement

25.  During the Application Period, FactorLaw expended 22.60 hours with a value of $6,145.00 in connection with drafting a proposed plan and disclosure statement and extensions of time to file a plan and disclosure statement

26.  The professionals providing such services are set forth below.

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| David Holtkamp | Associate | $250-$275 | 20.50 | $5,612.50 |
| James Liu | Associate | $250 | 1.80 | $450.00 |

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| | | Totals: | 22.60 | $6,145.00 |

IV.  Expenses

FactorLaw incurred an expense of $523.32 as provided in detail below.

| Date | Paid To | Explanation | Amount |
|---|---|---|---|
| Jan 5/2016 | DTI | Fee for transcription services at Iceboxx Chapter 11 auction of assets | 290.80 |
| Jan 12/2016 | Expense Recovery | Postage charge for mailing motion for sanctions against Schmidt ($4.15 x 6) | 24.90 |
| Feb 2/2016 | Expense Recovery | Postage expense for mailing theSupplement in support of sanctions Award and Damages for stay violations | 11.88 |
| Feb 19/2016 | Expense Recovery | Postage expense for sending motion to extend time to file plan to 14 recipients | 6.79 |
| Mar 7/2016 | Expense Recovery | Postage expense for sending 14 mailings of $0.921/2 to service list motion to approvesettlement agreement | 12.95 |
| Apr 8/2016 | Chase Bank | Filing fee for motion to sell property | 176.00 |
| | | **Total:** | **523.32** |

## DISCUSSION

V.  **The Firm's fees are reasonable and should be allowed.**

27.  Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A).  Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant

{00057276}                                    10

factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

28. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach – multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); accord *In re UNR Indus., Inc.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

29. The Seventh Circuit has mandated that an "attorney's actual billing rate . . . is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

30. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 LAWRENCE P. KING, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

31. The average hourly billing rate for the attorneys who performed the Services – that is, the "lodestar" rate – is **$268.99**. This average rate is fair and reasonable in light of the Services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by FactorLaw is reasonable based upon the customary compensation charged by comparably-skilled practitioners in either non-bankruptcy or bankruptcy cases.

## VI. Expense Reimbursement Standards

32. With respect to reimbursing expenses, the Court may award a professional person "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B).

33. "An expense is necessary if it was incurred because it was required to accomplish the proper representation of the client." *In re Spanjer Bros., Inc.*, 191 B.R. at 749.

34. The Expenses were the actual and necessary expenses incurred on behalf of the Debtor and FactorLaw respectfully submits that the Expenses were required to accomplish the proper representation of the Debtor and the estate.

## VII. Notice

35. No prior request for the relief requested by this Application has been made to this Court or any other court.

36. Rule 2002 provides that all creditors shall be provided with at least 21 days' notice of a request for compensation. Pursuant to Rule 2002 notice of a motion under Rule 9019 shall provide parties with 21 days' notice. Rule 9006(c), however, provides this Court with the broad discretion to reduce the notice period as circumstances may require. Here, this case is all but over. Only these fee applications and the motion to dismiss the case remain. All estate assets are not under a blanket lien of one creditor that would like to have this case wrapped up immediately. Therefore, no other party has an interest in an expedient closure of the case. Under the circumstances of this case, shortened notice to 14 days is warranted to allow for the expeditious resolution of this case.

37. A notice advising of the hearing on this application (**Exhibit C**) has been transmitted to all creditors on April 6, 2016. A copy of the notice is appended hereto. Creditors that have filed an appearance in the case and that receive notice to the ECF system have been provided with a copy of this entire application.

WHEREFORE, FactorLaw respectfully requests that the Court enter an Order (a) allowing and awarding FactorLaw on an interim basis fees in the amount of $41,855.00 and reimbursement of expenses in the amount of $523.32 incurred during the Application Period, and (b) authorizing FactorLaw to apply the retainer to the fees and expenses awarded, and granting such other and further relief as this Court deems just and appropriate.

Dated: April 6, 2016                                **Iceboxx, LLC**


                                                    By: /s/ David Paul Holtkamp
                                                    One of Its Attorneys

William J. Factor (6205675)
David P. Holtkamp (6298815)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-0977
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
        dholtkamp@wfactorlaw.com

# Exhibit C

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**IceBoxx, LLC**<br><br>Debtor. | Chapter 11<br>Bankruptcy No. 15-11132<br>Honorable Jacqueline P. Cox<br><br>Hearing Date: April 21, 2016<br>Hearing Time: 9:30 a.m. |

## NOTICE OF SECOND AND FINAL APPLICATION FOR COMPENSATION OF THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. AS COUNSEL FOR THE DEBTOR AND HEARING THEREON

**To:** All Creditors and Parties in Interest:

**Please take notice that** on April 6, 2016, the undersigned filed the First Second and Final Application for Compensation of William Factor and The Law Office of William J. Factor, Ltd., (collectively, "*FactorLaw*"), as Attorneys for the Debtor (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division,

**Please take further notice that,** in the Application FactorLaw seeks an interim award of compensation in the amount of $41,855.00, and reimbursement of expenses in the amount of $523.32, for services rendered and expenses incurred during the period of November 3, 2015, through April 6, 2016.

**Please take further notice that,** a hearing to consider the Application will be held before the Honorable Jacqueline Cox, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, on **April 21, 2016 at 9:30 a.m. prevailing Central Time**, or as soon thereafter as the undersigned counsel may be heard.

{00057276}    15

Dated: April 6, 2016 **Iceboxx, LLC**

By: /s/ David Paul Holtkamp
One of Its Attorneys

William J. Factor (6205675)

David P. Holtkamp (6298815)
**THE LAW OFFICE OF
WILLIAM J. FACTOR, LTD.**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-6146
Fax: (847) 574-8233
Email: wfactor@wfactorlaw.com